UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KRYSTLE FRASIER<br>    Plaintiff,<br><br>v.<br><br>LVNV Funding, LLC<br>    Defendant, | Case No. 3:25-cv-689<br><br>JURY TRIAL DEMANDED |

COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendant's continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Mecklenburg County, North Carolina, and the Defendant transacts and conducts business in this District.

1

## III. PARTIES

3. Krystle Frasier (hereinafter "Plaintiff") is a natural person residing in Mecklenburg County, North Carolina and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. LVNV Funding, LLC (hereinafter "Defendant") is a South Carolina corporation. The North Carolina Registered agent for is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is engaged in the business of collecting consumer debts.

## IV. FACTS OF THE COMPLAINT

6. LVNV Funding, LLC is the current owner of the alleged debt. At all relevant times, LVNV Funding, LLC acted through its servicer and authorized agent, Resurgent Capital Services, L.P., for purposes of collecting the alleged debt.

7. All collection communications described herein were sent by Resurgent on behalf of LVNV Funding, LLC.

8. At a time better known by the Defendant, started attempting to collect a consumer debt from Plaintiff allegedly owed to Bank of Missouri in the amount of $356.93.

9. Plaintiff checked her credit report on or around February 15, 2025 and noticed a collection account furnished from the Defendant regarding this account.

10. On or about March 12, 2025 Plaintiff wrote a letter to Defendant informing Defendant of her refusal to pay consistent with the provisions of 15 U.S.C. § 1692c(c). Plaintiff was in a tough financial position at the time of Defendant's collection activities, therefore she informed Defendant that she was unable to pay the debt.

11. Defendant received this communication on March 15, 2025 at 2:50pm. The letter was sent via USPS certified mail, with the tracking number 9207 1902 3589 0900 0031 0889 65.

12. Despite Plaintiff's explicit refusal to pay the alleged debt, Defendant acted in knowing violation of § 1692c(c), by sending its March 25, 2025 letter a mere 10 days after receipt of Plaintiff's letter.

13. LVNV Funding, LLC is vicariously liable for the acts of Resurgent Capital Services committed within the scope of their collection activities, as those acts were taken on LVNV's behalf and for its benefit.

14. The March 25, 2025 letter was plainly sent "in connection with the collection of a debt," because it referenced the account, itemized the balance, and urged payment through specified methods. The Defendants communications do not fall under the exceptions outlined in this section, therefore were in direct violation of 15 U.S.C. § 1692c(c).

15. As a direct and traceable result of Defendant's unlawful conduct, Plaintiff has suffered actual damages, including but not limited to emotional distress, humiliation,

3

Case 3:25-cv-00689-KDB-DCK    Document 1    Filed 09/10/25    Page 3 of 5

anxiety, and mental anguish. Plaintiff experienced loss of concentration, difficulty sleeping, and heightened stress in her daily life.

## V. FIRST CLAIM FOR RELIEF

*Violations of 15 U.S.C. § 1692c(c) – Failure to Cease Communication*

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with the Plaintiff after receiving her written refusal to pay the alleged debt. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;
5. That actual and statutory damages be awarded cumulatively, not in the alternative.
6. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on September 10, 2025, by:

Marcel A. McCrea, Esq.
Phillips and McCrea, PLLC
PO Box 30453
Charlotte, NC 28230
T.: 980.225.9072
F: 980.225.9080
E: marcel@lawpm.com